also known as Trista. Mr. Hernandez for the appellate, Mr. Lenners for the appellate. Good morning, Your Honor. Good morning. May it please the court. My name is Carmen Hernandez. I have no relationship to the defendant. The case is pretty straightforward and it's pretty simple. There's no dispute as to the facts in the case. The question is whether the facts amount to an offense. The defendant pled guilty to conspiracy to commit a RICO conspiracy. It requires commission of two racketeering acts. One of the racketeering acts, the one we're challenging, is conspiracy to murder under Maryland law. The acts that underlie that charge is that there was two conversations while the defendant was in the United States with someone. The purpose of the supposed conspiracy was to murder someone in El Salvador. And the question is whether those facts, and he doesn't dispute that he had two conversations, that a person called him, he wanted to avenge the murder of the person's father, and the murder was supposed to take place in El Salvador. No murder ever took place. But the question is whether that conduct is covered by the Maryland statute. So your challenge is to the factual basis of the plea here. Is that correct? Correct. Whether those acts, those facts, in fact, is a commission of a Maryland attempted, or conspiracy to murder under Maryland law. So you just referenced the Maryland statute. I was under the impression that the conspiracy offense is under Maryland common law. Is that not right? It's a Maryland common law, and it has a component of a statutory crime. So it's a combination of the common law, and I believe the penalty provision is now codified. I see. I guess the question is, it seems like a fairly well-settled proposition that the conspiracy exists at the moment of the agreement. And so what's your argument against that? Because if the conspiracy exists at the moment of the agreement, and Maryland follows the general rule in that respect, then the agreement was consummated within Maryland, even if what was agreed to was going to occur somewhere else. Well, a conspiracy requires not merely the meeting of the minds, but that the object of that meeting is illegal under the law. And the argument is that under Maryland law, a murder committed outside the jurisdiction of the state of Maryland is not an illegal act. So I guess I can understand, insofar as you're arguing, that it's not something that Maryland would punish as murder. Let's just stipulate to that. I don't know the answer to that, but let's stipulate to that, that because the murder ultimately would take place in El Salvador, that that's not something that Maryland substantive law professes to reach. Correct. But that doesn't mean that it's not unlawful. Well, for example, there's an 11th Circuit case where the court held that an agreement in— to distribute drugs outside the United States. The agreement was in Florida to distribute drugs in Europe. That is not a conspiracy to distribute drugs under federal law because the object of the offense that is the distribution outside of the United States is not prohibited. So it's not entirely clear. And I will say, we're stipulating that it's not a violation under Maryland law. There's very little—there's no case law like this because Maryland has never prosecuted, to my knowledge, a conspiracy to murder someone outside its jurisdiction. And there's no indication that the Maryland conspiracy statute reaches—has any extraterritorial reach. So it either is or it isn't. I mean, I'm usually arguing over a lot, but it's just a question of whether this conduct constitutes a conspiracy to commit murder under Maryland law. Now, they could have charged a different charge. They could have charged a federal extraterritorial conspiracy to murder, but that's not what they charged. And there may have been a second racketeering act that they could have charged, but—that they could have charged, but that's not what they did in this case. There were other minor offenses. I would say they might have been able to charge extortion as the second racketeering act, but that's not what they did. Do you agree with the government that the standard here is plain error? I'm sorry? Do you agree with the government that the standard here is plain error? I would say not. I think it was pretty clear that the issue was raised to the court. I represented the defendant below. At all times, I told the government that I had concerns about whether these facts, which he admitted, amounted to an offense. And, in fact, it was the prosecutor who informed the court of the defendant's concern on this issue. And the court addressed it. And the court addressed this and said, well, it looks like it is, or some language to that effect. I don't think it's plain error. There's no question that the district court was informed of the issue. And I don't think this court has ever required any sort of magic words in order to preserve an issue. And then the second aspect of the case is the sentencing. There's two issues at sentencing. One issue is that with the amendment to the drug guidelines, if that's applied, there's an argument that his sentencing range should come down two levels. At the time of the sentencing, there is sort of a technical argument over how you group the two offenses to get to that number. At the time, it didn't matter how you grouped it, so the issue was not raised. Because, in the end, you ended up at the same offense level, whether you added an enhancement for leadership role to both offenses, it didn't matter because you ended up at the same offense level when you grouped the offenses. But today, if you applied the drug guidelines as they exist today, then that would be an issue, and that should be resolved at the district court level. What exactly would your argument be? What would you argue differently with the benefit of knowing of the amendment that you didn't argue before? The defendant got a role enhancement both for the conspiracy to murder and for the drug distribution. And then when you grouped those two offenses, you ended up with a particular offense level. Today, the drug offense, the current offense level would be two levels lower if he didn't get a role enhancement for both offenses. So if you grouped and then added the two levels for role, so you didn't double count the offense level, then you would end up two levels below. So your argument to the sentencing court would have been, you shouldn't double dip with the role. Right. Either as a matter of fact, that is, he didn't have a role enhancement in both offenses, or as a matter of law, he shouldn't be double counting. That argument was not made, I admit, but it wasn't made because it didn't make a difference. You agree that under Maryland law, there's no requirement that the object of the conspiracy be prosecutable in Maryland, right? I don't agree that. I mean, I know you don't want to agree to it, but is there something to support a disagreement with that statement? As I said, Your Honor, the Maryland case law is stamped. Right. But in common law, the object of the offense has to be illegal under the jurisdiction. And the argument is, under Maryland law, murder in El Salvador is not an illegal act. And therefore, you can't conspire to do something that, under Maryland law, would not be illegal. That's the argument. So you can't conspire. If Maryland law doesn't prohibit driving while intoxicated, for example, then you couldn't conspire to drive. I mean, would you have any cases to – there are cases going – in other words, you're right, the 11th Circuit says what you said, but it's because it was clear under that statute that the object of the conspiracy had to be prosecuted. As I said, there's no case law – there's no Maryland case law on point. But there are cases in which courts have held that even though the object of the conspiracy is not prosecutable in the jurisdiction in which the conspiracy occurred, the prosecution can still go forward. And there is – Right? I mean, you agree with that. There are certainly cases that say that. There are certainly cases – I don't believe there's Maryland cases that say that. But they don't – the Maryland cases don't say one way or another is the best I can figure out. Correct. Although there is Maryland – there's language in Maryland case law that says a conspiracy requires both the agreement – the agreement to do something that is prohibited by law. Right. So it's a two-part argument. Right. So there's in case law, no question about it. And I don't – it's based at common law. I don't think the common law or the Maryland statutes would seek to – there's no case that I have found where Maryland sought to prosecute a conspiracy to murder – forget El Salvador –  I think it would be different perhaps if the murder had been carried out. Maybe you might be able to find some case law. But a conspiracy to commit an offense that was never carried out, that is, no murder was actually carried out, there's absolutely no cases that I have found. I see my time is up. Thank you. Good morning, and may it please the Court. Dan Lenners for the United States. As the Court recognizes, appellant has identified no Maryland legal authority in support of the defendant's position that the conspiracy to commit a murder in El Salvador that the defendant agreed to commit while in Maryland is not prosecutable under Maryland law. Do you have any authority supporting the opposite proposition? There's ample authority supporting the – In Maryland? In Maryland, yes, Your Honor. Saying that if you have a conspiracy, what – saying what? Well, both the general proposition that Maryland conspiracy, the crime is completed at the time of the – And I understand that. As well as, Your Honor, the – for example, the Bloomer case from – which says – which deals with a circumstance in which a conspiracy is being prosecuted in Maryland. Some of the fraudulent acts establishing the conspiracy occurred in Philadelphia and in Camden, Delaware. And the Court nevertheless found that evidence of those acts was properly admitted on the ground that conspiracies' fields of operations sometimes embrace various states as the necessities of the conspirators require, yet the state in which all or any of them reside and in which the conspiracy originated or was conducted has ample jurisdiction. Otherwise, the offense would be committed with impunity. And that case has been cited in Levers in 1968. Levers was subsequently cited the following year in Boddy. Those cases were carried forward in Grandison in 1986 for this proposition that a conspiracy may be prosecuted where the agreement arose, which is – Let me ask you this. I mean, this is a perplexing area. You seem to agree, there seems to be no dispute, that the object of the conspiracy has to be prohibited by law, right? No, Your Honor. In fact – No? That's correct, Your Honor. Maryland – The object of the conspiracy doesn't have to be prohibited by law? No, Your Honor. Under Maryland law – – to cut grass in another jurisdiction? Regardless of the – No, wait. Take my hypothetical. You can be prosecuted for conspiring to cut grass in another jurisdiction. And cutting grass in that jurisdiction is not unlawful. If the manner in which the lawful act is to be accomplished by unlawful means – No, no, no. Stick with my hypothetical, please. It depends upon – I'm giving you my hypothetical, so there are no depends, because I'm going to give you all the facts. These two guys sat, they had some drinks, they were laughing, let's conspire to cut grass in Virginia. And they were prosecuted. And Virginia does not prohibit that. Those are the only facts in the case. You can prosecute for that? I don't – And they agreed. We conspired. Yeah, we conspired to cut grass in Virginia. If they're conspiring to price fix – No, no, please. Stick with my hypothetical. They're conspiring to do something that is not unlawful, anyway. I'm sorry that I'm struggling with the hypothetical, Your Honor, because Maryland has made clear that there are two ways in which conspiracy can be prosecuted. If the object of the conspiracy is unlawful, or if the object of the conspiracy is lawful, yet the manner in which it is to be committed is through unlawful acts. The charge does not suggest that in any manner they're going to use clean, new mowers that are not prohibited and are not going to omit anything that violates the environment. And that's it. If they're not going to commit the lawful act by unlawful means, then no, it cannot be prosecuted, Your Honor. And where do we look to determine? Since we finally got that, it's got to be prohibited by law. Where do you look? Your Honor, murder is prohibited both in El Salvador and in Maryland. And I would like to know what is your notion – It's tricky. As I read these cases, it's really strange to me. What law are we looking for to determine whether the object of the conspiracy is unlawful, but since everyone seems to agree, you have to have an object that is unlawful. Where do we look? I read some of these cases, I'm smiling. We're assuming things. And in this case, maybe it's not problematic because murder is normally prohibited. But suppose it's not in El Salvador and is in Maryland. Suppose it's not in Maryland. Where do I look? I understand that there are difficult situations that may arise. As the Court recognizes, this is not one of them. The case most on point to discuss these more difficult situations is a California case, People v. Morante, which is 975 P. 2nd 1071. And the California Supreme Court in that case discussed both hypotheticals Your Honor has posited. And the California Supreme Court said that it has to be illegal in California, regardless of whether it's illegal in the target jurisdiction. And the Court left for another day the more difficult question of something that is undoubtedly illegal in the target jurisdiction. They said it's not enough if it's illegal in the target jurisdiction, but legal in California. And they left for another day the more difficult proposition. Is that your thesis, that because the substantive crime of murder is unlawful in Maryland, even though they couldn't prosecute for murder in the state, that's how we determine that the object of the conspiracy here is unlawful? And it's also unlawful in El Salvador. No, no, no, no, no. I'm just trying to follow you through. You're saying you want to wrestle in the California thinking. Is that your thinking? No, Your Honor. I identify that as the one case I've found that has discussed the more difficult hypotheticals. You just wanted to use your time. You didn't want to rely on it. No, Your Honor. I'm trying to understand. What's the theory? It may be easy, but I have struggled with it. And I think you know why, because you've read these cases and you do struggle with it. I'm just curious what the government's thinking is. Or do you just want to say, well, Your Honor, don't struggle with it, because murder is prohibited in both Maryland and El Salvador. So don't try and work this through. I think that's actually true, Your Honor. That's what the Maryland Supreme Court did in Bloomer. It's what the Maryland Supreme Court has, or excuse me, the Maryland Court of Appeals, its highest court, has consistently done when looking at conspiracy law. It said that the conspiracy is complete when the agreement is entered. And the agreement here was entered in Maryland. That's not my question. I understand that. I'm worrying about the object of the conspiracy. I'm trying to figure out, does the government have a theory about where that object has to be? Who governs whether or not the object of the conspiracy is involved? I won't press that anymore. I understand the court's question. My response is, I'm sorry if the court's not satisfied with it, is that it doesn't matter because in this case it is illegal both in El Salvador and in Maryland. So under Maryland common law, as I understand it, the conspiracy consists of the agreement to accomplish an unlawful purpose. So you have to ask, what does it mean to accomplish an unlawful purpose? And the question that immediately arises is the one that Judge Edwards is raising, which is unlawful according to whom? I understand that, Your Honor. In this case, murder is unlawful everywhere. But do we know from Maryland decisions where they look for in determining whether there's an unlawful purpose? Because Maryland could have either of the approaches. They could say it's unlawful if the act would be unlawful were it done here. Or it could be it's an unlawful purpose if the act is unlawful in the place where it's supposed to be done. Or some other, maybe there's another area too. Well, I don't know if those approaches would support the charge in this case, Your Honor. And so regardless, appellant has identified no case in which a court, such as the Maryland Supreme Court, would not exercise conspiracy jurisdiction where the act is unlawful both in the state and in the target jurisdiction. And as I said, I've found no such case. To the contrary, there are numerous cases suggesting that a conspiracy may be prosecuted in the state in which the conspiracy arose, even though the illegal act was to occur in a foreign country. There's a Fourth Circuit case, United States versus New Orleans. So I get that there's those cases. It's just that at some point at the end of the day, what matters is what Maryland law says, because we're talking about a Maryland offense. So the fact that other states might have its own brand of jurisprudence under which it deems the unlawful object to be, whether it's unlawful in that state or in the foreign country, doesn't tell us what Maryland thinks. I understand that, Your Honor. And I think the answer is the court need not figure out which Maryland may approach Maryland because it's unlawful in both places. And the court can look at Bloomer where these fraudulent acts occurred elsewhere, and the Maryland Court of Appeals said they weren't being prosecuted for fraud in these foreign jurisdictions, that the court had jurisdiction over the conspiracy, ample jurisdiction over the conspiracy, because the conspiracy may embrace various states. And because the conspiracy arose in Maryland in that case, the court had jurisdiction. And so the court didn't have to struggle with this more difficult question because fraud in that case was illegal both where it was committed and in Maryland. And in here, murder is prohibited in El Salvador and is prohibited in Maryland. Can I ask one shift course for a second on the sentencing question? So what's your response to your colleague's argument that had they known that the retroactive amendment would be an issue, then an argument would have been made to the effect that the roll bump shouldn't be applied to both the drug conspiracy and the murder conspiracy, it should only be applied to one, and that would have made a difference? That argument is foreclosed by the guidelines themselves. The Section 3D1.3 Application Note 1 discusses the manner in which crimes are to be grouped and the calculations that lead to the offense levels of the groups being compared for purposes of that subsection. And the application note says that the offense level for a count refers to the offense level after all adjustments from Parts A, B, and C, and the role enhancement is in Part B. So the guidelines themselves show that the way that the probation office calculated the grouping and the role enhancement in this case is entirely consistent with the guidelines. And the judge wouldn't have had any discretion to do differently? Because I couldn't have an argument made to the judge that you just shouldn't apply the role enhancement to both because really it only, as a matter of fact, applies to the murder and not to the drug conspiracy. As I said, well, Appellant didn't make that argument. But her point is that she didn't make that argument because she had no need to make that argument because it wouldn't have made a difference under the then-existing law. It's only after we know about the amendment that the argument even comes into the field of vision as something that might matter. I'm not, in fact, totally sure that it wouldn't have mattered. For the grouping, the calculation depends upon the difference in offense level between the two groups as to how many points are then added. And I'm not sure off the top of my head that it would not, in fact, have mattered if only three points had been applied to the conspiracy to commit murder. Well, let's just assume it wouldn't have. Let's just assume it wouldn't have mattered before, but it could matter now. I still think they have an obligation to raise what they believe are erroneous guidelines calculations below. Why? Because that seems odd. If it wouldn't have mattered at all, it seems kind of strange to give somebody an incentive to raise something that just wouldn't make a difference because it's kind of wasting everybody's time. I think, in general, we expect the parties to bring issues with the guidelines calculations to the court's attention because precisely what occurred here, which is now they have an argument that it would have mattered in the past and the court would have dealt with this issue before. I also just don't think that her position is supported by the guidelines themselves. The guidelines seem clear that the way that the offense levels and the grouping calculations were done was proper under the guidelines, and I don't think the court would then have had discretion to alter the manner in which the guidelines were calculated. If there are no further questions, the government would ask that the judgment be affirmed. Thank you. Thank you. Mrs. Hernant had no time left, but we will give you a minute if you need it for rebuttal. Thank you, Your Honor. On the sentencing issue, there would have been two arguments. One, it didn't apply to both as a matter of fact, and also even if it applied, the court could vary down under 3553A under Booker. With respect to the primary issue, Your Honor, because murder and conspiracy to murder is a common law crime, a common law, there's no indication that under Maryland common law, an extraterritorial murder would be reached by Maryland common law. There's no, the cases are very difficult to understand. There are very few cases that deal with this kind of fact pattern, but there's no case that talks about Maryland common law reaching a murder outside the state of Maryland. And Mitchell v. State clearly says, as the court has said, a criminal conspiracy consists of the combination of the two or more persons to accomplish some unlawful purpose. And as a little bit background, and I don't know if the court's interested in this, I think this was a little bit of overreaching by the government. They wanted a high sentence, so they went for this offense, which I don't believe the facts support. And I'll leave it at that. Thank you very much, Your Honor. Thank you, counsel. The case will be submitted.
judges: Brown, Srinivasan, Edwards